UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MICHAEL PERSO,

                       Plaintiff,

     -against-

JESSICA PERSO, ANTHONY PARISI,
DAWN GARRETT, ROBERT MONTEFUSCO,
HONORABLE DAVID MORRIS (Suffolk County
Family Court),

                      Defendants.
-----------------------------------------------------------------------X

<u>For Online Publication Only</u>

**MEMORANDUM & ORDER**
19-CV-2858 (JMA)(SIL)

**AZRACK, District Judge:**

      On May 14, 2019, <u>pro se</u> plaintiff Michael Perso ("plaintiff" or "Michael") filed an <u>in forma pauperis</u> complaint in this Court, pursuant to 42 U.S.C. §1983 ("Section 1983"), seeking to challenge, <u>inter alia</u>, determinations made in an on-going underlying state court child custody case involving his ex-wife, Jessica Perso ("Jessica"). In addition to Jessica, the complaint names as defendants: (1) Jessica's sister, Dawn Garrett ("Garrett"); (2) Jessica's attorney in the underlying state court child custody matter, Robert Montefusco, Esq. ("Montefusco"); (3) the state court judge in the underlying state court custody matter, the Honorable David Morris (Judge Morris"); and (5) the court appointed attorney for the child, Anthony Parisi, Esq. ("Parisi" and collectively, "defendants").

      For the reasons that follow, the Court grants plaintiff's request to proceed <u>in forma pauperis</u> for the limited purpose of this Order and <u>sua sponte</u> dismisses the complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

1

# BACKGROUND[1]

**A.      The Complaint**

Plaintiff's complaint, submitted on the Court's Section 1983 complaint form, together with an additional 93 pages of attachments,[2] seeks to challenge rulings made during underlying state family court proceedings relating to custody of and/or visitation with his son.   (See generally Compl.).   In its entirety, plaintiff's Statement of Claim alleges:

> A. Where did the events giving rise to your claim(s) occur? – This case started in Suffolk County Family Court
>
> B. What date and approximate time did the events giving rise to your claim(s) occur? October 27th, 2017 about 10:30 a.m.
>
> C. What are the facts underlying your claim(s)?
> *Please see attached*.

(Id. ¶ III. A-C.)   Plaintiff has attached six additional pages to the complaint wherein he complains about the underlying state family court case.   Plaintiff alleges that, on July 12, 2018, his custody and visitation rights were suspended under docket no. v19753-17/17c by Judge Morris.   (Id. at 7, ¶¶ 1-2.)   Plaintiff claims that he had been granted joint custody of his son on June 9, 2017 and, because unspecified "accusations were made" against him, Judge Morris suspended joint custody and plaintiff's visitation rights.   (Id. at 7-8, ¶¶ 2-5.)   Plaintiff also alleges that he has "a cognizable claim for judicial misconduct" against Judge Morris because

---

[1]  All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).   Excerpts from the complaint are reproduced here exactly as they appear in the originals.   Errors in spelling, punctuation, and grammar have not been corrected or noted.

[2]  Plaintiff has annexed to his complaint copies of some 94 police reports largely relating to disputes between he and Jessica concerning visitation with their son.

Judge Morris allegedly denied plaintiff's petitions, violations, and four orders to show cause, as well as adjourned the case for long periods of time during which plaintiff would not be permitted to visit with his son. (Id. at 8-10, ¶¶ 7, 13.) Plaintiff claims the family court "wrongfully seized my son's joint custody and removed him from my joint custody without a proper investigation of allegations of abuse, neglect or any allegations that I was a risk to the child or myself." (Id. at 9, ¶ 8.) Plaintiff also claims that his ex-wife and her attorney have submitted lies to the Court (id. at 9, ¶ 11) and that the law guardian is biased against plaintiff. (Id. at 11, ¶ 15.)

In the space on the form complaint that calls for a description of any claimed injuries, plaintiff alleges that he has "become extremely depressed. I find myself not working, sitting at hme and crying a lot. I have been in court 63 times in the last 19 months just fighting to be the father I deserve to be!" (Compl. at 5, ¶ IV.) For relief, plaintiff seeks an "immediate decision of custody . . . [and that] Judge Morris [] recuse himself from this case" as well as $20 million (Id. ¶ V, and at 12.)

## II. DISCUSSION

### A. In Forma Pauperis Application

Upon review of plaintiff's declarations in support of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

### B. Standard of Review

Pursuant to the in forma pauperis statute, a court must dismiss an action if it determines

that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B). The Court must dismiss the action as soon as it makes such a determination.

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

### C. The Domestic Relations Exception Bars Plaintiff's Claims

Under the domestic relations exception, "divorce, alimony, and child custody decrees" remain outside federal jurisdictional bounds. Marshall v. Marshall, 547 U.S. 293, 308 (2006) (internal quotation marks and citation omitted); Rabinowitz v. New York, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (dismissing pro se complaint seeking to challenge state court child custody order because federal court review was barred by the domestic relations exception) (citing Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)). This exception is based upon a "policy consideration that the states have traditionally adjudicated marital and child custody disputes and therefore have developed competence and expertise in adjudicating such matters, which the federal courts lack." Thomas v. N.Y. City, 814 F. Supp. 1139, 1146 (E.D.N.Y. 1993).

As is readily apparent, plaintiff's claims here seek to challenge determinations in the state court case concerning the custody of and visitation with plaintiff's son. Such claims unquestionably implicate the judicially recognized exception to federal subject matter jurisdiction in cases involving domestic relations. Specifically, the Supreme Court has recognized "that [t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Ankenbrandt, 504 U.S. at 703 (internal quotation marks and citation omitted); Sobel v. Prudenti, 25 F. Supp. 3d 340, 353 (E.D.N.Y. 2014) (The domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." (internal quotation marks and citation omitted); see also Hernstadt v. Hernstadt, 373 F.2d 316, 317 (2d Cir. 1967) ("Since the very early dicta [of] In re Burrus, 136 U.S. 586, 10 S. Ct. 850, 34 L. Ed. 500 (1890), it has been uniformly held that federal courts do not adjudicate cases involving the custody of minors and, a fortiori, rights of visitation.").

Although plaintiff styles some of his claims as raising constitutional issues, the

allegations stem from an on-going state domestic relations matter and are thus outside this Court's jurisdiction. See McArthur v. Bell, 788 F. Supp. 706, 709 (E.D.N.Y. 1992) (former husband's 42 U.S.C. § 1983 action in which he claimed that his constitutional rights were violated in proceedings in which former wife obtained upward adjustment of child support would require the court to "re examine and re interpret all the evidence brought before the state court" in the earlier state proceedings and, therefore, the district court did not have subject matter jurisdiction) (citing Neustein v. Orbach, 732 F. Supp. 333 (E.D.N.Y. 1990) (district court lacked jurisdiction because it could not resolve factual disputes connected to domestic relations)); see also Sullivan v. Xu, 10 CV 3626, 2010 WL 3238979, at *2 (E.D.N.Y. Aug. 13, 2010) (no jurisdiction over the plaintiff's challenges to child custody and child support orders); Guichiardo v. Barrazza, 16-CV- 1222, 2016 WL 3541547, at *3 (E.D.N.Y. Jun. 23, 2016) (applying the domestic relations exception where the plaintiff "style[d] some of her claims as raising constitutional issues, but the allegations stem from a state domestic relations matter . . . .").

Accordingly, because plaintiff seeks a determination that he was improperly denied custody and/or visitation with his child, the Court lacks jurisdiction and this action is barred by the domestic relations exception to this Court's jurisdiction. The complaint is thus dismissed without prejudice pursuant to FED. R. CIV. P. 12(h)(3).[3] See Neustein, 732 F. Supp. at 339 (an action is barred by domestic relations exception if, "in resolving the issues presented, the federal court becomes embroiled in factual disputes concerning custody and visitation . . . .").

---

[3] In Ashmore v. Prus, 510 F. App'x 47, 49 (2d Cir. 2013) (summary order), the Second Circuit "expressly decline[d] to address whether the domestic relations exception to federal subject matter jurisdiction applies to federal question actions." Ashmore, 510 F. App'x at 49. However, even if the domestic relations exception did not apply to plaintiff's federal claims, dismissal would still be warranted. As explained below, plaintiff's claims in this Court are also barred by the Rooker-Feldman doctrine and Younger abstention. Moreover, plaintiff has also failed to plead plausible claims. (See infra n. 4.)

### D. <u>Younger</u> Abstention Also Precludes This Court From Exercising Jurisdiction

Insofar as plaintiff seeks an "immediate decision of custody . . . [and that] Judge Morris [] recuse himself from this case" (Compl. at 12), such injunctive relief that would cause this Court to intervene in plaintiff's ongoing state court divorce and child support proceedings. Under <u>Younger v. Harris</u>, 401 U.S. 37 (1971) and its progeny, "federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings." <u>Spargo v. N.Y. State Comm'n on Judicial Conduct</u>, 351 F.3d 65, 74 (2d Cir. 2003). The Supreme Court, in <u>Sprint Communications, Inc. v. Jacobs</u>, clarified that district courts should abstain from exercising jurisdiction only in three "exceptional circumstances." 571 U.S. 69, 78 (2013). These involve: "(1) 'ongoing state criminal prosecutions,' (2) 'certain civil enforcement proceedings,' and (3) 'civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.'" <u>Falco v. Justices of the Matrimonial Parts of Sup. Ct. of Suffolk Cty.</u>, 805 F.3d 425, 427 (2d Cir. 2015) (quoting <u>Sprint Commc'ns, Inc.</u>, 571 U.S. at 73). The Supreme Court explained that "these three 'exceptional' categories . . . define Younger's scope." <u>Sprint Commc'ns, Inc.</u>, 571 U.S. at 78. Here, <u>Younger</u> and <u>Sprint Commc'ns, Inc.</u> require this Court to abstain. Plaintiff's complaint "implicates the way that New York courts manage their own divorce and custody proceedings--a subject in which 'the states have an especially strong interest.'" <u>Falco</u>, 805 F.3d at 427 (quoting <u>Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel</u>, 490 F.2d 509, 516 (2d Cir. 1973)). Additionally, New York has an important interest in the accurate and bias-free functioning of its judicial system. <u>See</u>, <u>e.g.</u>, <u>Pennzoil v. Texaco, Inc.</u>, 481 U.S. 1, 12–14 (1987) (state interest in regulating judicial procedures); <u>Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982) (state interest in functioning of judicial system). Accordingly, this Court abstains under <u>Younger</u> from interfering in plaintiff's ongoing state-court proceedings involving child custody

and visitation issues and "implicat[ing] a State's interest in enforcing the orders and judgments of its courts." Sprint Comm'ns, Inc., 571 U.S. at 72-73; see Bukowski v. Spinner, 709 F. App'x 87, 88 (2d Cir. 2018) (affirming "the dismissal of [plaintiff's] complaint on the ground that federal-court abstention is required under Younger . . . insofar as [plaintiff] seeks declaratory or injunctive relief that would interfere with a "[s]tate court's ability to perform its judicial function in . . . [an ongoing] custody proceeding[]") (quoting Falco, 805 F.3d at 425); Aaron v. O'Connor, 914 F.3d 1010, 1017 (6th Cir. 2019) ("We conclude that the ability of the courts of the State of Ohio to determine when recusal of a judge or justice is appropriate and to administer the recusal decision process in accordance with state law operates 'uniquely in furtherance of the state courts' ability to perform their judicial functions.'" (citation omitted).

Therefore, plaintiff's claims for injunctive and/or declaratory relief are dismissed without prejudice on Younger abstention grounds as well.

### E.  The Rooker-Feldman Doctrine Also Bars Plaintiff's Claims

Even if plaintiff's complaint was not barred by the domestic relations exception and/or Younger abstention, the Rooker-Feldman doctrine precludes review of plaintiff's claims in this Court. Coalescing the Supreme Court's holdings in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), the Rooker-Feldman doctrine prohibits federal district courts from considering collateral attacks to state court judgments. There are four requirements for the application of the Rooker-Feldman doctrine: (1) the federal court plaintiff must have lost in state court; (2) the plaintiff's injuries must be caused by the state court judgment; (3) the plaintiff's claims must invite the district court to review and reject the state court judgment; and (4) the state court judgment must have been rendered prior to the commencement of the district court proceedings. See Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005). "A plaintiff may not overcome

8

the doctrine and seek a reversal of a state court judgment simply by casting his [or her] complaint in the form of a civil rights action." Rabinowitz v. New York, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (internal quotation marks and citation omitted).

Here, plaintiff's allegations seek to collaterally attack the state court's orders against plaintiff relating to the custody and visitation of his child. Plaintiff who has lost in state court and who now complains of injuries caused by the state court, invites this Court to review and reject the state court orders, the latest which was allegedly issued on July 12, 2018, and all of which were issued before May 14, 2019, the date plaintiff filed his complaint in this Court. Thus, because all the Rooker-Feldman requirements are satisfied, the Court lacks jurisdiction to adjudicate plaintiff's claims. Accordingly, the complaint is dismissed pursuant to FED. R. CIV. P. 12(h)(3) on the additional ground that the Rooker-Feldman doctrine divests this Court of jurisdiction.[4]

### E. Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and alterations omitted)).

---

[4] Moreover, even if the Court had subject matter to adjudicate this complaint, plaintiff's Section 1983 claims against Jessica, Garrett, Montefusco, and Parisi are implausible because each of these individuals is a private party who does not act under color of state law. Nor are there any factual allegations in the complaint suggesting that any of these individuals was a joint participant with a state actor or that any of them conspired with a state actor to deprive plaintiff of some constitutional right. And, although Garrett is named in the caption, she is not again mentioned in the body of the complaint and there are no allegations of conduct or inaction attributable to her. Accordingly, given the absence of any personal involvement by Garrett, together with the fact that none of these individuals act under color of state law, plaintiff's claims against Jessica, Garrett, Montefusco, and Parisi are implausible and fail for this additional reason. Insofar as plaintiff seeks money damages against Judge Morris and Parisi, they are immune from suit under the Eleventh Amendment. See McKnight v. Middleton, 699 F. Supp. 2d 507, 521-23 (E.D.N.Y. 2010) (dismissing claims asserted against state court judge in her official capacity on sovereign immunity grounds under the Eleventh Amendment). Finally, to the extent that plaintiff seeks prospective injunctive relief from Judge Morris, such claims are barred by absolute judicial immunity. See Mireles v. Waco, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages.").

Indeed, a pro se plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint . . . ." Boddie v. N.Y. State Div. of Parole, 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)). Yet, "while pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to amend his complaint. Given the deficiencies in plaintiff claims as set forth above, the Court declines to grant leave to amend. The denial of leave to amend his complaint is without prejudice to plaintiff pursuing any valid claims he may have against the defendants in state court.

### III. CONCLUSION

The plaintiff's application to proceed in forma pauperis is granted. However, for the reasons set forth above, the complaint is sua sponte dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) and for failure to allege a plausible claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may pursue any valid state law claims that he may have against the defendants in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

**SO ORDERED.**  ____/s/ (JMA)_____
                  Joan M. Azrack
Dated:  September 13, 2019     United States District Judge
        Central Islip, New York